Nos. 13-35513 and 13-35518

_____

# In the United States Court of Appeals
# for the Ninth Circuit

_____

ROCKY BIXBY, LAWRENCE ROBERTA, CHARLES ELLIS, MATTHEW HADLEY, COLT CAMPREDON, BYRON GREER, VITO PACHECO, RONALD BJERKLUND, BRIAN HEDLIN, CHARLES SEAMON, JASON ARNOLD, AND AARON ST. CLAIR,
*Plaintiffs and Appellees,*

vs.

KBR, INC. AND KELLOGG, BROWN & ROOT SERVICES, INC.,
*Defendants and Appellants,*

_____

Appeal from the Judgment of the U.S. District Court for the District of Oregon
Magistrate Judge Paul J. Papak, Case No. 3:09-CV-00632-PK

_____

**OPPOSITION TO MOTION OF INTERNATIONAL ASSOCIATION OF DEFENSE COUNSEL AND AMERICAN CHEMISTRY COUNCIL FOR LEAVE TO FILE *AMICUS* BRIEF**

_____

| | |
|---|---|
| DAVID F. SUGERMAN ATTORNEY, PC<br>David F. Sugerman<br>david@davidsugerman.com<br>707 SW Washington Street, Suite 600<br>Portland, Oregon 97205<br>Telephone: (503) 228-6474 | COHEN & MALAD, LLP<br>Gabriel A. Hawkins<br>ghawkins@cohenandmalad.com<br>One Indiana Square, Suite 1400<br>Indianapolis, Indiana 46204<br>Telephone: (317) 636-6481 |
| DOYLE RAIZNER, LLP<br>Michael P. Doyle<br>mdoyle@doyleraizner.com<br>Patrick M. Dennis<br>pdennis@doyleraizner.com<br>1221 McKinney, Suite 1400<br>Houston, Texas 77010<br>Telephone: (713) 571-1146 | ESNER, CHANG & BOYER<br>Stuart B. Esner<br>sesner@ecbappeal.com<br>Andrew N. Chang<br>achang@ecbappeal.com<br>234 East Colorado Boulevard, Suite 750<br>Pasadena, California 91101<br>Telephone: (626) 535-9860 |

*Attorneys for Plaintiffs and Appellees*

## The Motion of International Association of Defense Counsel ("IADC") and American Chemistry Council ("ACC") For Leave To File *Amicus* Brief Should Be Denied

IADC and ACC seek to file a <u>fifth</u> *amicus* brief targeted to an issue raised by KBR in its appeal in this matter, further confirming that these amici merely seek to further expand KBR's word count by providing lengthier arguments as to particular issues than KBR was able to include in its principal brief. This request to file a fifth *amicus* brief should be denied (1) because it is untimely and (2) because it is unjustified.

**1.     The motion is untimely.**

FRAP rule 29(e) provides: "An *amicus* curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed." Here, KBR completed the electronic filing of its principal brief on July 26, 2013. Thus, any request to file an *amicus* brief was due by August 2, 2013. *Amicus Curiae*  DRI - The Voice of the Defense Bar ("DRI") and *amicus curiae* National Defense Industrial Association ("NDIA")

understanding that this is the rule, filed their requests within this time period. IADC and ACC did not. Instead they waited a full four weeks beyond the deadline.

Like the preceding prospective *amici*, IADC and ACC argue that their request is timely because KBR's principal brief is not really "filed" because this Court has not ruled on KBR's request to file an oversized brief. However, as Plaintiffs have explained, for purposes of triggering their time to file an *amicus* request, IADC and ACC are wrong.

Defendants-Appellants successfully completed the electronic filing of its brief on July 26, 2013. See ECF #25. Circuit Rule 25-5(c)(2) provides that the Court's Appellate ECF system determines the date and time an electronic filing is completed. An electronic filing of a brief successfully completed by 11:59 p.m. Pacific Time on a business day will be entered on the docket as of that date. Circuit Rule 25–5(c)(2) ("An electronic filing successfully completed by 11:59 p.m. Pacific Time will be entered on the Court's docket as of that date. The Court's Appellate ECF system determines the date and time a filing is completed;" Fed Rules Appellate Procedure, Rule 26(a)(4)(B) ("Unless a different time is set by statute, local rule, or court order, the last day ends: (A) for electronic filing in the district court, at midnight

2

in the court's time zone; (B) for electronic filing in the court of appeals, at midnight in the time zone of the circuit clerk's principal office").

KBR also filed paper copies of its excerpts of record on July 26, 2013, by dispatching them to a third party commercial carrier for delivery to the clerk's office within three days. By rule, it was deemed filed on July 26, 2013: FRAP Rule 25(a) provides that paper-format excerpts are deemed "filed" on the date they are:

- mailed to the clerk by postage prepaid first-class mail (or other class of mail that is at least as expeditious, such as Express Mail); or
- dispatched to a third party commercial carrier (e.g., Federal Express, DHL, etc.) for delivery to the clerk's office within three days.

FRAP 25(a)(2)(B)(i),(ii).

In their motion, IADC and ACC argue nevertheless that their motion and brief are timely by referring to an advisory committee note to FRAP rule 29. However, that note does not alter the rules providing when a brief is deemed filed when electronically filed. This is the content of the advisory committee note IADC and ACC misconstrue:

> An amicus brief must be filed no later than 7 days after the principal brief of the party being supported is filed.

3

> Occasionally, an amicus supports neither party; in such instances, the amendment provides that the amicus brief must be filed no later than 7 days after the appellant's or petitioner's principal brief is filed. Note that in both instances the 7-day period runs from when a brief is filed. The passive voice--"is filed"--is used deliberately. A party or amicus can send its brief to a court for filing and, under Rule 25, the brief is timely if mailed within the filing period. Although the brief is timely if mailed within the filing period, it is not "filed" until the court receives it and file stamps it. "Filing" is done by the court, not by the party. It may be necessary for an amicus to contact the court to ascertain the filing date.

The note expressly refers to briefs (paper briefs) that are mailed to the Court, and in such an instance under FRAP rule 25 the brief is deemed filed on the date of its receipt by the Court, not when it is mailed by the party.  Here, KBR did not mail its principal brief to the Court.  It electronically filed its brief on July 26.  The note does not purport to alter Circuit Rule  25-5(c)(2) which expressly provides that "An electronic filing successfully completed by 11:59 p.m. Pacific Time will be entered on the Court's docket as of that date.  The Court's Appellate ECF system determines the date and time a filing is completed."

Unlike the situation where a paper brief is sent to the Court for filing, there is no need in the situation of an electronic filing of a brief to distinguish between the mailing of the brief versus the Court's receipt of that paper brief.  The rules expressly deem that a brief that is

4

electronically filed is deemed filed and the electronic filing deemed complete on the day it is electronically filed, so long as the brief is electronically filed by 11:59 p.m. that day.

Under FRAP Rules 25 and 26 and Circuit Rule 25(c)(2), KBR's electronically filed brief was deemed "filed" on July 26, any motion for leave to file an *amicus* brief was due August 2, 2013, and the motion of IADC and ACC filed on August 30 is untimely and should be denied.

IADC and ACC also base their contention that KBR's brief has not yet been filed on a misconstruction of Circuit Rule 32-2. That rule provides that "Any order that decides a motion [to exceed the type volume limitation] will make adjustments to the due date(s) for any further briefing." Clearly the rule addresses adjustments in the due dates contained in the Court's time schedule order, and in turn that order concerns only further briefing <u>by the parties</u>. This makes sense because "further briefing" by parties is responsive in nature, i.e., the further briefing by a party responds to arguments contained in the preceding brief.

In contrast, the deadline for filing an *amicus* brief is contained in FRAP 29(e) which provides: "An amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed."

5

There is no provision in rule 29 or any of the advisory comments to that rule which provides for any adjustment in the due dates for an *amicus* brief. And the absence of any such provision makes sense, because an *amicus* brief does not respond to the brief of the party whose position it attempts to support and there is no need to "adjust" the due date for an *amicus* brief when the Court decides a motion for leave to file a party's brief oversized brief.

In sum, the motion for leave to file a fifth *amicus* brief in support of KBR's appeal is untimely and should be denied for this reason alone.

**2.    The motion should also be denied because the proposed *amicus* brief merely repeats arguments and factual statements already made in KBR's principal brief; the proposed *amicus* brief is nothing more than an attempt to make an end run around the word limits applicable to KBR's brief.**

As this Court knows, KBR electronically filed a brief of not more than 19,000 words, and Plaintiffs did not and do not oppose that requested excess word count.

6

Plaintiffs also reached an agreement with KBR in which Plaintiffs for their part consent to the filing of *amicus* briefs by *Amicus Curiae* DRI - The Voice of the Defense Bar and *amicus curiae* National Defense Industrial Association, who timely filed their motions for leave and brief on August 2, 2013.

However, as Plaintiffs explained in opposing the motions to file a third and a fourth amicus brief, enough is enough. The total word count of KBR's 19,000-word brief and the combined word count total of DRI's and NDIA's two *amicus* briefs (2,895 and 6,288 respectively) already exceeds 28,000 words.

The proposed amicus brief of IADC and ACC contains 2,759 words, and added to PLAC's proposed amicus brief of 6,493 words, and AOI's proposed brief of 5,635 words, the combined word count of KBR's brief and the *amicus* briefs total over <u>43,000 words</u>.

As this Court's Circuit Advisory Committee Note to Rule 29-1 provides: "Movants are reminded that the Court will review the amicus curiae brief in conjunction with the briefs submitted by the parties, so that amici briefs should not repeat arguments or factual statements made by the parties. Amici who wish to join in the arguments or factual statements of a party or other amici are encouraged to file and serve on all parties a short letter so stating in

lieu of a brief. If the letter is not required to be filed electronically, the letter shall be provided in an original."

An examination of the proposed *amicus* brief reveals it is exactly what this Court seeks to discourage: an *amicus* brief which attempts to provide additional legal argument and authority and factual statements which merely repeat arguments and factual statements made by KBR in its principal brief. (Compare IADC and ACC *amicus* brief with KBR's principal brief at pp. 50-55.) The proposed *amicus* brief clearly repeats arguments and analyses made by KBR in its brief and admits that it attempts to add and discuss authority that KBR did not cite or discuss in its brief. Motion at p. 6.

The motion for leave should be denied. At most, IADC and ACC should be limited to the filing of a "short letter" which joins in KBR's arguments and factual statements.

**3.    If the court grants the motion, plaintiffs should be granted leave to file a supplemental brief.**

Alternatively, Plaintiffs respectfully request leave to file a supplemental brief in the event the motion for leave to file the fifth *amicus* brief is granted.

Dated: Sept. 9, 2013    DAVID F. SUGERMAN, ATTORNEY, PC

COHEN & MALAD, LLP

DOYLE RAIZNER, LLP

ESNER, CHANG & BOYER


By:  s /  Andrew N. Chang

Attorneys for Plaintiffs and Appellees

9th Circuit Case Number(s) **U.S.C.A. Docket Nos. 13-35513 and 13-35518**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CERTIFICATE OF SERVICE

 When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing OPPOSITION TO MOTION OF INTERNATIONAL ASSOCIATION OF DEFENSE COUNSEL AND AMERICAN CHEMISTRY COUNCIL FOR LEAVE TO FILE *AMICUS* BRIEF with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on ___September 9, 2013_____
I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.


Signature (use "s/" format)  _s /    Andrew N. Chang_____